THE CIRCUIT CIVIL COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

SAMARA JACKSON

      PLAINTIFFS                                             Case No.:

v.

THREEBRIDGE SOLUTIONS, LLC.

      DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Samara Jackson, by and through her undersigned counsel, hereby brings this action for damages against Defendant, Three Bridge Solutions, LLC, for damages and alleges Defendant violated 42 U.S.C. 1981 by discriminating against Plaintiff on the basis of her race. In further support of her allegations, Plaintiff further states as follows:

### Parties

1. Plaintiff was employed by Defendant in the four years prior to this action.

2. Defendant is a foreign for-profit corporation operating as a nationwide consulting firm that provides clients with professional IT consulting services.

3. Plaintiff worked as a project manager for Defendant until her date of termination on March 16, 2020.

### Jurisdiction

4. Plaintiff is domiciled in Hillsborough County, Florida.

5. Defendant is a corporation domiciled in Minneapolis, Minnesota.

6. Defendant conducts business and employed Plaintiff in Pinellas County, Florida.

7. All material events occurred in Pinellas County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a Black female and therefore is a member of a protected class.

11. Defendant is subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination in the workplace.

General Factual Allegations

13. Plaintiff was employed by Defendant as a project manager.

14. Plaintiff is a qualified Black female and a member of a protected class because of her race.

15. Prior to Plaintiff's termination, Plaintiff received numerous positive performance reviews and performance based bonuses which acknowledged Plaintiff's successful performance of her duties.

16. Defendant espouses a work-from-home policy and allows employees – similarly situated to Plaintiff – to work from home.

17. In the Spring of 2019, Plaintiff requested that she be allowed to work from home like her similarly situated co-workers.

18. Because of Plaintiff's success in her role, Defendant allowed Plaintiff to work from home.

19. Plaintiff worked from home from approximately Spring 2019 until her termination on March 16, 2020.

20. During the time Plaintiff worked from home she performed her duties at a high level.

21. In fact, Plaintiff received a positive performance review on March 2, 2020.

22. Further, Plaintiff received a performance-based bonus on March 5, 2020.

23. At no point while Plaintiff was working from home did Defendant tell Plaintiff that she was underperforming.

24. Indeed, all communications from Defendant to Plaintiff regarding Plaintiff's performance were positive, in nature.

25. On or about February 3, 2020, Defendant informed Plaintiff that she would need to work in the office and could no longer work from home.

26. Non-Black employees were allowed to work from home; however, Defendant did not want Plaintiff working from home – despite her excellent performance while working from home.

27. Working from home was a benefit of employment that similarly situated non-Black employees were allowed to enjoy, while Plaintiff was not; because of her race.

28. On March 16, 2020, Defendant informed Plaintiff that she was being relieved from her work assignment.

29. Other, non-Black individuals employed in the same capacity as Plaintiff were allowed to continue to work from home, however, Plaintiff was not.

30. Other non-Black similarly situated employees were not terminated because they worked from home.

31. Plaintiff was being treated in a disparate manner as compared to the non-Black similarly situated employees because Plaintiff was not allowed to work from home while non-Black similarly situated employees were allowed to do so.

32. Working from home is a material benefit that Defendant provides to its employees.

33. After Defendant removed Plaintiff from her work assignment, Plaintiff sought to be placed on "the bench."

34. Defendant's policy is to place employees on "the bench" after they are terminated from a working assignment. The bench is essentially a holding area that allows employees to be assigned to another work assignment.

35. Employees can be called off of the bench and easily inserted into a new work assignment.

36. Despite Defendant's policy of placing employees on the bench after the work assignment is terminated, Defendant did not do so for Plaintiff.

37. Instead, Defendant terminated Plaintiff's employment without cause and with extreme prejudice.

38. Being placed on the bench is a material benefit for Defendant's employees because it allows the employees to remain employed with Defendant and assigned to a new position.

39. Plaintiff was deprived of this material benefit and was instead permanently terminated.

40. Plaintiff suffered financial damages as a direct result of Defendant's unlawful termination of her employment.

41. To the knowledge of Plaintiff, Plaintiffs was an employee in good standing until prior to her termination on March 16, 2020.

## Count One
## Race Discrimination in violation of 42 U.S.C. 1981

42. Plaintiffs hereby incorporates and re-alleges 1-41, above.

43. Plaintiff is a Black female and therefore a member of a protected class due to her race.

44. Defendant is engaged in interstate commerce by virtue or Defendant's business, which is a nationwide IT consulting firm.

45. Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

46. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

47. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black female.

48. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

49. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to

no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

50. Specifically, Defendant did not allow Plaintiff to continue to work from home when other, non-Black similarly situated employees were allowed to work from home.

51. Defendant terminated Plaintiff's work assignment because she requested to continue working from home like similarly situated non-Black employees.

52. Defendant not only prevented Plaintiff from working from home, but Defendant also terminated Plaintiff's employment and refused to place Plaintiff on the bench.

53. Defendant's actions ensured that Plaintiff would not receive another work assignment within Defendant's organization.

54. Working from home was a material benefit that Defendant provided to its employees.

55. Plaintiff desired to receive the same terms, conditions, privileges, and benefits as similarly situated non-Black employees.

56. But for Plaintiff's race, Plaintiff would have been allowed to continue working from home.

57. But for Plaintiff's race, Plaintiff would have been assigned to the bench and would not have been terminated with prejudice.

58. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate workplace.

59. Despite the provisions of 42 U.S.C. 1981, Defendant both subjected Plaintiff to a racially hostile workplace in violation of 42 U.S.C. 1981 and took an adverse employment actions against Plaintiff.

60. Plaintiff were damaged as a direct result of Defendant's discriminatory treatment.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

Respectfully submitted this 23rd day of July 2021.

**/s/W. John Gadd**
W. John Gadd, Esq.
Fl Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

And

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com