## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SAMARA JACKSON,

       Plaintiff,

v.                                                            Case No: 8:21-cv-2464-WFJ-AEP

THREEBRIDGE SOLUTIONS, LLC,

       Defendant.

_____/

## **ORDER**

      This matter comes before the Court on Defendant 3 Bridge Solutions, LLC's[1] Motion to Transfer, Dkt. 11. Plaintiff Samara Jackson filed a response in opposition, Dkt. 13. For reasons set forth below, the Court construes Defendant's motion as one for dismissal based on the doctrine of *forum non conveniens*. Accordingly, the Court grants Defendant's motion and dismisses this action.

## **BACKGROUND**

      Plaintiff is a Black female who formerly worked for Defendant, a national consulting firm headquartered in Minnesota. Dkt. 1-1 at 1. Plaintiff, a Florida resident, worked for Defendant on projects in Pinellas County, Florida. *Id.* at 1.

_____

[1] Contrary to the case caption, Defendant states that its proper corporate name is 3 Bridge Solutions, LLC. Dkt. 3 at 1 n.1.

Though the rationale is disputed, the parties agree that Defendant allowed Plaintiff to begin working remotely in Spring 2019. *Id.* at 2; Dkt. 10 at 3−4. In early 2020, Defendant told Plaintiff that she could no longer work from home. Dkt. 1-1 at 3; Dkt. 10 at 4−5. Plaintiff continued to work remotely despite Defendant's directive, and her employment was terminated in March 2020. Dkt. 1-1 at 3; Dkt. 10 at 4−5.

Plaintiff subsequently filed this race discrimination action under 42 U.S.C. § 1981 in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on July 23, 2021. Dkt. 1-1. Defendant removed the case to the Middle District of Florida on October 20, 2021. Dkt. 3. In her complaint, Plaintiff alleges that Defendant discriminated against her on the basis of race in two ways: (1) by refusing to let her continue working remotely despite allowing similarly situated, non-Black employees to do so, and (2) by terminating her employment when she requested to continue working remotely like similarly situated, non-Black employees. Dkt. 1-1 at 5−6. Defendant denies that its proscription of Plaintiff's continued remote work and resultant termination of her employment were due to race. Dkt. 10 at 4−6. Rather, Defendant states that it based its decisions on Plaintiff's poor performance while working remotely and refusal to return to in-person work. *Id.*

Defendant filed its present Motion to Transfer pursuant to 28 U.S.C. § 1404, asserting that this case should be transferred to the District of Minnesota based on

a forum-selection clause within the parties' employment agreement. Dkt. 11 at 1. The forum-selection clause states that "[t]he parties agree that any claims under this Agreement shall be solely heard in the state courts located in Hennepin County, State of Minnesota[.]" Dkt. 12, Ex. A at 7. In response, Plaintiff states that this forum-selection clause only allows for the transfer of claims to the specified *state* courts—an action that this Court is powerless to take. Dkt. 13 at 1. Plaintiff therefore asserts that Defendant's motion is substantively a motion to dismiss and should be denied for reasons of public policy and inconvenience. *Id.* at 3−4.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought or to any district or division to which all parties have consented." However, as Plaintiff correctly notes, when a forum-selection clause mandates litigation in a state court, a district court has no authority to transfer the case under § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* In the interest of judicial economy and because the parties substantively addressed the factors relevant to dismissal based on *forum non conveniens*, the Court will treat Defendant's motion to transfer as a

3

motion to dismiss for *forum non conveniens*.

The doctrine of *forum non conveniens* allows a district court to decline to exercise jurisdiction even when the court's venue is not improper. *Id.* at 59. In a typical case, a motion to dismiss for *forum non conveniens* will be granted if the moving party shows that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate the case in the alternative forum without undue inconvenience or prejudice. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

This analysis changes, however, when a valid forum-selection clause exists within the parties' contract. *Id.* In such a case, a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum[.]" *Atl. Marine*, 571 U.S. at 64 (explaining that parties who agree to forum-selection clauses waive the right to later challenge the preselected forum as inconvenient). While a court must still consider public interest factors, these rarely defeat a *forum non conveniens* motion. *Id.* As a result, forum-selection clauses ultimately control in all but unusual cases. *Id.*

## ANALYSIS

As a preliminary matter, the Court must determine whether the parties' forum-selection clause is valid. *Bachstein v. Discord, Inc.*, 424 F. Supp. 3d 1154,

1157 (M.D. Fla. 2019). Forum-selection clauses are presumptively valid and enforceable absent a "strong showing" by the plaintiff that enforcement would be unfair or unreasonable under the circumstances. *Pappas v. Kerzner Int'l Bah. Ltd.*, 585 F. App'x 962, 965 (11th Cir. 2014). A court will find a forum-selection clause to be invalid "when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). The burden lies with the party resisting enforcement of the forum-selection clause to establish that the clause is invalid. *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012).

Here, the forum-selection clause within Plaintiff's employment agreement states that "[t]he parties agree that any claims under this Agreement shall be solely heard in the state courts located in Hennepin County, State of Minnesota[.]" Dkt. 12, Ex. A at 7. Turning first to the fraud or overreaching exception, Plaintiff does not allege that her agreement to the forum-selection clause was induced by either. The clause conspicuously follows the bold, capitalized words, "**GOVERNING LAW & FORUM.**" *Id.* The clause's language is plain and afforded Plaintiff sufficient notice that she was agreeing to litigate any disputes arising out of the contract in the state courts within Hennepin County, Minnesota. Plaintiff even

signed the employment agreement on the very page containing the forum-selection clause. *Id.*

Regarding the inconvenience or unfairness exception, Plaintiff contends that litigating her claim in Minnesota would be so inconvenient as to deprive her of her day in court. Dkt. 13 at 2. However, courts require a high burden of proof to negate a forum-selection clause for inconvenience when the parties already contemplated the claimed inconveniences. *Lebedinsky v. MSC Cruises, S.A.*, 789 F. App'x 196, 202 (11th Cir. 2019). Plaintiff states that if the clause is enforced, she will need to "hire counsel licensed in Minnesota, frequently travel to Minnesota, secure lodging and transportation for each visit, request days off from work in order to travel, and transport witnesses and evidence to Minnesota[.]" Dkt. 13 at 4. All of these concerns were foreseeable inconveniences at the time of contracting. Though Plaintiff also cites possible inconveniences regarding the COVID-19 pandemic, such as travel difficulties if future lockdowns occur, *Id.* at 3, these inconveniences are too speculative to warrant invalidation of the forum-selection clause. *See Turner v. Costa Crociere, S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (finding that plaintiff had not established that traveling to preselected forum during COVID-19 pandemic would actually be necessary to pursue his claim); *see also Vandermast v. Wall & Assocs., Inc.*, 20-cv-736-JLS-JJM, 2020 WL 7049307, at *4 (W.D.N.Y. Sept. 1, 2020) (finding that plaintiff's concerns regarding COVID-19 were not

grave inconveniences justifying the invalidation of the forum-selection clause).

The Court now turns to the third and fourth exceptions to the validity of forum-selection clauses. The third exception—that the chosen law deprives the plaintiff of a remedy—is not at issue here. The preselected Minnesota state courts may hear and resolve Plaintiff's claim. However, Plaintiff points to the fourth exception in asserting that the forum-selection clause should be invalidated because its enforcement would contravene public policy. Dkt. 3 at 3−4. Plaintiff asserts that enforcing this clause would encourage corporations to utilize forum-selection clauses that choose "far away lands," knowing that employees cannot afford to litigate in such venues. *Id.* at 4. This argument is unpersuasive, as public policy generally favors freedom of contract absent fraud or other misconduct. *See, e.g.*, *Steele v. Drummond*, 275 U.S. 199, 205 (1927) (explaining "it is a matter of great public concern that freedom of contract be not lightly interfered with"). Accordingly, the forum-selection clause is valid and enforceable.

Finding the parties' forum-selection clause to be valid, the Court must next determine whether dismissal based on *forum non conveniens* is warranted. The existence of a valid forum-selection clause modifies the typical *forum non conveniens* analysis by requiring that all private interests be deemed to favor the preselected forum. *GDG Acquisitions*, 749 F.3d at 1029. Thus, the modified analysis requires a court to consider (1) whether an adequate alternative forum is

7

available, (2) whether the public factors weigh in favor of dismissal, and (3) if the plaintiff can reinstate the case in the alternative forum without undue inconvenience or prejudice. *Id.* at 1028−29.

Turning to the first consideration, "[a]n alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). Here, federal law governs Plaintiff's § 1981 claim. Pursuant to the parties' valid forum-selection clause, the alternative forum is a state court in Hennepin County, Minnesota. The remedy available to Plaintiff under federal law remains the same regardless of whether her case is heard in a Florida federal court or a Minnesota state court with concurrent jurisdiction. Thus, the state courts within Hennepin County, Minnesota, are an adequate alternative forum.

The Court next considers the public interest factors. These factors include administrative difficulties caused by court congestion, the interest of having localized controversies decided at home, the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens of an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508−09 (1947). There has been no showing that the state courts of Hennepin County, Minnesota, are busier than the Middle District of Florida or, in any event, that those state courts' dockets are so congested that Plaintiff's claim could not be adjudicated in a reasonable

amount of time. Conflict of law is also not an issue, given that federal law applies irrespective of which forum hears Plaintiff's case. Additionally, this case is not unrelated to Minnesota and its citizens, as Defendant is headquartered there. The public interest factors ultimately weigh in favor of dismissal.

Finally, regarding the last consideration in the *forum non conveniens* analysis, Plaintiff can reinstate her case in Minnesota without undue inconvenience or prejudice. Plaintiff's § 1981 claim accrued in 2020 and is subject to a four-year statute of limitations. Plaintiff has ample time to refile her claim in a state court in Hennepin County, Minnesota.

## CONCLUSION

Based on the foregoing, this Court will enforce the parties' valid forum-selection clause by dismissing Plaintiff's complaint pursuant to the doctrine of *forum non conveniens*. Defendant's Motion to Transfer—which is substantively a motion to dismiss and recognized as such by Plaintiff—is granted. Plaintiff's case is dismissed.

**DONE AND ORDERED** at Tampa, Florida, on January 5, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

9